```
McDERMOTT WILL & EMERY LLP
Daniel R. Foster (SBN 179753)
 dfoster@mwe.com
Brian Park (SBN 260304)
 brpark@mwe.com
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612.7108
Telephone:  949.851.0633
Facsimile:  949.851.9348

Attorneys for Plaintiff
AMERICAN VANGUARD CORPORATION
```

FILED 2009 SEP 24 PM 4:04 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN VANGUARD CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRO TECH CHEMICAL SERVICES INC., a California corporation, and DOES 1-50, inclusive,<br><br>Defendants. | **SACV09 -1103 DOC (MLGx)**<br>CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114; Lanham Act 32);**<br><br>**(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act § 43(a));**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(4) COMMON LAW UNFAIR COMPETITION;**<br><br>**(5) DILUTION UNDER § 43(C) OF THE LANHAM ACT; AND**<br><br>**(6) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, American Vanguard Corporation ("AMVAC") by and for its Complaint, alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This is an action at law and in equity for, inter alia, trademark infringement, trademark dilution, and unfair competition. Plaintiff, AMVAC, is a chemical manufacturer that develops and markets chemical products for agricultural and commercial uses, including insecticides, fungicides, herbicides, molluscicides, growth regulators and soil fumigants. Defendant, Enviro Tech Chemical Services Inc. ("Enviro Tech"), a manufacturer and distributor of specialty chemicals and services to various industries, recently began using the mark "DIBROM NPA" in connection with one of its pesticides. Defendant's use of the mark is likely to cause confusion or mistake and to deceive consumers as to the source of the products provided under that mark, or as to the sponsorship or other commercial affiliation of Defendant's chemical services business with AMVAC, and these activities are causing considerable harm to AMVAC and its business.

## THE PARTIES

2. Plaintiff was incorporated in the State of Delaware in 1969, and maintains its principal place of business at 4695 MacArthur Court, Newport Beach, California 92660.

3. Upon information and belief, Enviro Tech was incorporated on or about May 28, 1991, and is a California corporation having a principal place of business at 500 Winmoore Way, Modesto, California 95358.

4. The true names and capacities, whether individual, corporation, associate or otherwise of Defendant Does 1 through 50, inclusive, are unknown to AMVAC who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

5. This is an action seeking injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based upon Enviro Tech's trademark infringement, trademark dilution, and unfair competition in connection with its use of the "DIBROM NPA" mark in relation to its chemical services business, which unlawful acts have occurred, in significant part, in the state of California and in this district.

6. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

7. This Court has personal jurisdiction over Enviro Tech because, inter alia, Defendant, through its webpage at www.envirotech.com, is present in this judicial district, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

8. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF AND ITS AMVAC BUSINESS

9. As reflected on its website, www.amvac-chemical.com, AMVAC operates a chemical services company that provides chemical products throughout the United States and the rest of the world.

10. Since 1945, AMVAC and its affiliates have provided a variety of specialty chemicals for crops, human and animal health protections. As noted above, these products include insecticides, fungicides, herbicides, molluscicides, growth regulators and soil fumigants.

11. AMVAC is the owner of all rights in and to the DIBROM trademark for use on and in connection with insecticidal preparation.

12. DIBROM is an arbitrary and fanciful term having no other meaning in the English language, and was adopted by AMVAC's predecessor-in-interest to

identify the particular insecticidal preparation that is the subject of the trademark registration infringed by Enviro-Tech.

13. Through AMVAC's longstanding, extensive and exclusive use of DIBROM, the DIBROM trademark has become famous, and AMVAC has enjoyed tremendous commercial success, in part, due to its sale of products under the DIBROM trademark. The DIBROM mark is readily recognized by chemical products consumers and is a valuable asset of AMVAC.

14. Further, DIBROM is the subject of U.S. Trademark Registration No. 694,413 ("the '413 registration") for the mark DIBROM, which registration issued to AMVAC's predecessor-in-interest on March 15, 1960, based on a first use in commerce date of August 8, 1958, in conjunction with insecticidal preparations. AMVAC's DIBROM trademark is inherently distinctive and was registered as such on the Principal Register of the United States Patent and Trademark Office. This registration has achieved "incontestable" status under the Federal Trademark Act. A copy of the '413 registration is attached to this Complaint as Exhibit A.

15. Currently, AMVAC's '413 registration is the only registered trademark, or pending application for a registered trademark, on the Principal Register of the United States Patent and Trademark Office ("USPTO") using the word DIBROM by itself or anywhere in the mark.

16. Pursuant to 15 U.S.C. § 1057(b), the '413 registration is prima facie evidence of the validity of AMVAC's claim to trademark rights in DIBROM, and of the exclusive right of AMVAC to use DIBROM in commerce in connection with insecticidal preparations.

17. Further, pursuant to 15 U.S.C. § 1057(c), the September 22, 1958, filing of the application, which matured into the '413 registration, constituted constructive use of the DIBROM trademark on the filing date, conferring a right of priority, nationwide in effect, in connection with the goods specified in the registration (namely, goods associated with "insecticidal preparation") against any

other entity (with certain statutory exceptions, none of which statutory exceptions applies to Defendant, Enviro Tech).

### DEFENDANT ENVIRO TECH'S WRONGFUL ACTS

18. At all times relevant to this Complaint, Defendant, Enviro Tech, is and has been aware of AMVAC's business and the products it sells under the DIBROM trademark, and the goodwill represented and symbolized by the DIBROM mark.

19. Enviro Tech is not, and never has been, affiliated with AMVAC.

20. For a number of years, Enviro Tech has operated its chemical services company and provided chemical products. That company has been accessible to the public via the domain name www.envirotech.com

21. Not content to compete fairly with AMVAC, on or about April 2007, Enviro Tech began using the DIBROM trademark in connection with its own chemical product named "DIBROM NPA." See Exhibit B (copy of a Notice of Pesticide filed by Enviro Tech with the United States Environmental Protection Agency).

22. Enviro Tech began using the "DIBROM NPA" mark with full awareness of AMVAC's prior usage of the DIBROM trademark as AMVAC's 1960 federal registration for DIBROM put Enviro Tech on constructive notice of such prior usage.

23. Soon after AMVAC became aware of Enviro Tech's infringement, counsel for AMVAC sent by electronic mail on August 10, 2009, a cease and desist letter to Enviro Tech (the "Demand Letter") demanding, inter alia, that Enviro Tech terminate its use of the DIBROM trademark. A copy of that letter is attached hereto as Exhibit C.

24. Enviro Tech responded to the cease and desist letter by stating that it would not terminate its use of the DIBROM trademark in connection with its "DIBROM NPA" product; as of the filing of this Complaint, Enviro Tech has not ceased use of the DIBROM trademark.

25. Enviro Tech's use of the DIBROM trademark unfairly and unlawfully wrests from AMVAC control over the federally registered DIBROM trademark as well as the considerable goodwill and reputation AMVAC has cultivated in the mark.

26. AMVAC has no control over Enviro Tech's business, and AMVAC's valuable reputation and the hard-earned goodwill built up in the DIBROM trademark over nearly five (5) decades may be permanently damaged if Enviro Tech continues to offer competing chemical products, i.e., industrial microbiocides, under an imitation of the proprietary DIBROM mark.

27. Since AMVAC's DIBROM registration is the only mark on the Principal Register incorporating the word DIBROM for approximately 50 years, consumers are likely to mistakenly believe that Enviro Tech's "DIBROM NPA" products are associated with or related to the products AMVAC provides under its DIBROM trademark.

28. Unless such conduct is enjoined, that conduct will greatly injure the value of the DIBROM trademark and the ability of AMVAC to commercially identify its chemical products, under the DIBROM mark.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. § 1114 (LANHAM ACT § 32)

29. AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. AMVAC is the owner of U.S. Trademark Registration No. 694,413 and the DIBROM trademark made the subject of that registration, which registration is valid, subsisting, and in full force and effect.

31. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products provided under the "DIBROM NPA" mark, and is likely to create the false

impression that Defendant's products are authorized, sponsored, endorsed or licensed by, or affiliated with, AMVAC.

32. The public, including Enviro Tech, has been on constructive notice of AMVAC's exclusive rights in the DIBROM trademark since 1960, years before Defendant began to market and/or provide chemical products under the "DIBROM NPA" mark.

33. Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the DIBROM trademark or any other designation confusingly similar thereto.

34. Defendant's conduct is intended to reap the benefit of the goodwill that AMVAC has created in the DIBROM trademark, and constitutes infringement of AMVAC's federally registered DIBROM trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. By adopting and using a colorable imitation of the DIBROM trademark, Defendant has caused and is causing substantial irreparable harm to AMVAC and will continue to damage AMVAC and to deceive consumers unless enjoined by this Court.

36. AMVAC has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(A))

37. AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products provided under the "DIBROM NPA" mark, and is likely to create the false impression that Defendant's products are authorized, sponsored, endorsed or licensed by, or affiliated with, AMVAC.

39. Defendant's conduct constitutes unfair competition, false designation of origin, and use of a false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. By adopting and using a colorable imitation of the DIBROM trademark, Defendant has caused and is causing substantial irreparable harm to AMVAC and will continue to damage AMVAC and to deceive consumers unless enjoined by this Court.

41. AMVAC has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

42. AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products provided under the "DIBROM NPA" mark, and is likely to create the false impression that Defendant's products are authorized, sponsored, endorsed or licensed by, or affiliated with, AMVAC.

44. Defendant had actual and constructive notice of AMVAC's exclusive rights in the DIBROM trademark years before Defendant began to market and provide products under the "DIBROM NPA" mark.

45. Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the DIBROM trademark or any other designation confusingly similar thereto.

46. Defendant's conduct is intended to reap the benefit of the goodwill AMVAC has created in the DIBROM trademark and constitutes trademark infringement in violation of the common law of California and other states.

47. By adopting and using a colorable imitation of the DIBROM trademark, Defendant has caused and is causing substantial irreparable harm to

AMVAC and will continue to damage AMVAC and to deceive consumers unless enjoined by this Court.

48. AMVAC has no adequate remedy at law.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

49. AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 48 as if fully set forth herein.

50. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products provided under the "DIBROM NPA" mark, and is likely to create the false impression that Defendant's products are authorized, sponsored, endorsed or licensed by, or affiliated with, AMVAC.

51. Defendant's conduct constitutes unfair competition in violation of the common law of California and other states.

52. Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the DIBROM trademark or any other designation confusingly similar thereto.

53. By adopting and using a colorable imitation of the DIBROM trademark, Defendant has caused and is causing substantial irreparable harm to AMVAC and will continue to damage AMVAC and to deceive consumers unless enjoined by this Court.

54. AMVAC has no adequate remedy at law.

## COUNT V

## DILUTION

## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(C))

55. AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 54 as if fully set forth herein.

56.  AMVAC's registered DIBROM trademark is distinctive because it is an arbitrary and fanciful term, and is famous because it is widely recognized by actual and potential customers as a designation of AMVAC's insecticide preparation.  Thus, AMVAC's DIBROM trademark is famous and distinctive within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.  AMVAC's DIBROM trademark is famous, and was famous among Defendant's actual and potential customers prior to Defendant's first use of the "DIBROM NPA" mark.

58.  Upon information and belief, Defendant's unauthorized use of the DIBROM trademark in interstate commerce in connection with the advertisement and sale of its microbiocide has caused and continues to cause a likelihood of, and actual dilution of, the distinctive quality of AMVAC's trademark by blurring and tarnishment.

59.  On information and belief, Defendant's unauthorized use of AMVAC's DIBROM trademark will cause some of Defendant's actual and potential customers to think of Enviro Tech, and no longer solely of AMVAC, when they encounter the term "DIBROM" in connection with advertising and the offering of pesticides and related good and services.

60.  On information and belief, Defendant's unauthorized use of AMVAC's DIBROM trademark has lessened the capacity of AMVAC's mark to identify and distinguish only AMVAC as the source of goods and services associated with this mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

61.  On information and belief, AMVAC has suffered damages and Defendants have obtained profits and unjust enrichment as a result of Defendant's dilution of AMVAC's famous DIBROM trademark.

62.  Defendant's acts described herein irreparably injure AMVAC's business, reputation and good will, and will continue to do so unless and until they are permanently enjoined.

## COUNT VI
## CALIFORNIA UNFAIR COMPETITION
## (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)

63.  AMVAC repeats and incorporates by reference the allegations of Paragraphs 1 through 62 as if fully set forth herein.

64.  Defendant's aforesaid conduct, as alleged in AMVAC's above claims for relief, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

65.  The wrongful acts of Defendant proximately has caused and will continue to cause AMVAC substantial injury, including loss of customers, confusion of potential customers, injury to its reputation, and diminution of the value of its trademark. These actions will cause imminent irreparable harm and injury to AMVAC, the amount of which will be difficult to ascertain, if they continue.

66.  As a direct and proximate result of Defendant's wrongful acts, Plaintiff has been injured and damaged, and is entitled to injunctive relief and restitution in an amount to be proven at trial.

67.  AMVAC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief;

A.  Preliminary and permanent injunctions prohibiting Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the DIBROM

trademark, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of chemical products in the United States, and from otherwise infringing the DIBROM trademark;

B.   Preliminary and permanent injunctions requiring Defendant to remove all appearances of the DIBROM trademark, and any confusingly similar variations thereof, from its products, web pages, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

C.   An order requiring the surrender to Plaintiff of all goods and other materials in Defendant's possession, custody or control and bearing the DIBROM trademark, or any other designation which incorporates the DIBROM trademark, for the destruction of such goods and materials by Plaintiff, and requiring further the filing and service of a certified report by Defendant, identifying and attesting to the surrender of those goods and other materials, in such particular details as the Court shall deem appropriate;

D.   An order requiring the issuance of a corrective notice by Defendant, approved in advance by the Court, and sent to each customer who purchased from Defendant any product bearing the "DIBROM NPA" mark or any confusingly similar variations thereof, which notice indicates that Defendant is neither an authorized user of the DIBROM trademark nor a franchisee or other affiliate of Plaintiff and that Defendant's use of the DIBROM trademark was and is in violation of Plaintiff's proprietary rights in the DIBROM trademark;

E.   An accounting for all profits derived by Defendant and its subsidiaries and affiliates from their unlawful acts;

F.   An award of such monetary remedies in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendant's unlawful acts, as well as the profits of Defendant and its subsidiaries and affiliates attributable to the unlawful acts;

1   G. An award of treble damages or other enhanced monetary remedies to
2   Plaintiff;
3   H. An award of attorney's fees and costs to Plaintiff; and
4   I. Such further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: September 24, 2009

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _____
DANIEL R. FOSTER
Attorneys for Plaintiff
AMERICAN VANGUARD CORPORATION

ORC 467966-2.031920.0409

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMERICAN VANGUARD CORPORATION, a Delaware corporation

**DEFENDANTS**
ENVIRO TECH CHEMICAL SERVICES INC., a California corporation, and DOES 1-50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Daniel R. Foster (SBN 179753)
McDermott Will & Emery LLP
18191 Von Karman Ave., Suite 500, Irvine, CA 92612.7108
Ph: 949.851.0633

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement, Unfair Competition, Dilution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV09 -1103 DOC (MLGx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Stanislaus County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date September 24, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV09- 1103 DOC (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

McDERMOTT WILL & EMERY LLP
Daniel R. Foster (SBN 179753)
  dfoster@mwe.com
Brian Park (SBN 260304)
  brpark@mwe.com
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612.7108
Telephone: 949.851.0633
Facsimile: 949.851.9348
Attorneys for Plaintiff
AMERICAN VANGUARD CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN VANGUARD CORPORATION, a Delaware corporation,<br><br>PLAINTIFF(S)<br>v.<br>ENVIRO TECH CHEMICAL SERVICES INC., a California corporation, and DOES 1-50, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV09 -1103 DOC (MLGx)**<br><br>SUMMONS |

TO:   DEFENDANT(S): ENVIRO TECH CHEMICAL SERVICES INC., a California corporation

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Daniel R. Foster_____, whose address is __McDermott Will & Emery LLP, 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: September 24, 2009          By: __DODJIE GARGANTOS__
                                        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                SUMMONS